# In the United States Court of Federal Claims

No. 24-1245

Filed: December 9, 2024

---

**ROBERT EVERY,**

        *Plaintiff,*

v.

**THE UNITED STATES,**

        *Defendant.*

---

*Robert Every*, Franconia, NH, Pro Se Plaintiff.

*Ravi D. Soopramanien*, Trial Attorney, with *L. Lisa Donahue*, Assistant Director, *Patricia M. McCarthy*, Director, and *Brian M. Boynton*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Robert Every ("Mr. Every") seeks compensation and injunctive relief for an alleged leasing dispute between his company, Esterhill Boat Service LLC ("Esterhill"), and the United States Department of Veterans Affairs ("VA"). (Compl. at 41, ECF No. 1). Mr. Every seeks $93,564.84 with a 3% yearly increase, the return of emails that he claims the VA deleted in retaliation, and requests the Court order the VA to "fund Operation Red Shield for veterans of Northern New England" in the amount of $200,000. (*Id.* at 41–42).

The United States moves to dismiss all pending claims pursuant to Rules of the Court of Federal Claims ("RCFC") 12(b)(1) and (6). (Def.'s Mot., ECF No. 8). Mr. Every did not respond, though by separate motion he seeks to amend his Complaint and leave to seek counsel. (Pl.'s Mot. to Amend, ECF 9). Because the Court finds that it lacks subject-matter jurisdiction over Mr. Every's claims and that he fails to state a claim upon which relief can be granted, the United States' Motion to Dismiss is granted. Further, the Court dismisses Esterhill's lease dispute claims for lack of prosecution under RCFC 41(b). Mr. Every's Motion to Amend Complaint is denied. Mr. Every's Motion Opposing Dismissal is also denied as moot.

The Court has an "independent obligation" to ensure subject-matter jurisdiction exists in every case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The Tucker Act establishes this Court's jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. 28 U.S.C. § 1491(a)(1); *see also Fisher v. United States*, 402 F.3d 1167 (Fed. Cir. 2005)

(en banc). It is the plaintiff's burden to establish subject-matter jurisdiction, and they must do so by a preponderance of the evidence. *Lujan v. Defs. of Wildlife*, 505 U.S. 555, 561 (1992). While the Court holds pro se plaintiffs to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), pro se plaintiffs must still meet their jurisdictional burden. *Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Under RCFC 12(h)(3), this Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Pursuant to RCFC 12(b)(1), dismissal "is warranted when, assuming the truth of all allegations, jurisdiction over the subject matter is lacking." *Palafax St. Assocs., L.P. v. United States*, 114 Fed. Cl. 773, 779 (2014) (internal citation omitted). To ascertain the propriety of its exercise of jurisdiction, the Court may look to evidence outside of the pleadings. *Rocovich v. United States*, 933 F.2d 991, 994 (Fed. Cir. 1991), *aff'd in relevant part*, *Martinez v. United States*, 281 F.3d 1376 (Fed. Cir. 2002).

Further, dismissal is warranted under RCFC 12(b)(6) when "the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). Importantly, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that to survive a motion to dismiss, a plaintiff's complaint must provide enough factual detail to make the claim appear reasonable, meaning the facts should suggest the defendant could be held liable for the alleged wrongdoing). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. A money-mandating claim "exists if the statute, regulation, or constitutional provision that is the basis for the complaint 'can fairly be interpreted as mandating compensation by the Federal Government.'" *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1307 (2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).

Mr. Every's claims, including allegations of retaliation by the VA and violation of the First and Fourth Amendments, fail to establish any substantive right to monetary damages. (*See* Compl. at 1–2, 41). Every's Fourth Amendment claims stem from allegations that the VA hacked into his computer and deleted various emails.[1] (*Id.* at 1, 25–27). He also claims that the VA violated the First Amendment by "punish[ing] each plaintiff for exercising free speech and the right to petition for grievances." (*Id.* at 2). The Fourth Amendment prohibits unreasonable searches and seizures but offers no basis for the Court to exercise jurisdiction over Mr. Every's claims. *See Lachance v. United States*, 15 Cl. Ct. 127, 130 (1988) ("[T]he fourth amendment does not mandate the payment of money by the United States.") (internal citations omitted). Likewise, the First Amendment, which protects free speech and the right to pursue grievances, is

---

[1] The Court notes that Mr. Every characterizes these allegations as "Theft of Intellectual Property." (Compl. at 1). To the extent Mr. Every is alleging cyber or intellectual property crimes, these are violations of the federal criminal code and "this Court does not have subject-matter jurisdiction adjudicate these claims." *See e.g., Gray v. United States*, No. 15-399, 2015 WL 6384736, at *2 (Fed. Cl. Oct. 20, 2015) (internal citations omitted); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (finding the Court of Federal Claims has no jurisdiction whatsoever to adjudicate claims under the federal criminal code).

an unsuitable basis for this Court to exercise jurisdiction. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983)).

Mr. Every's request that the Court order the VA return his deleted emails. (Compl. at 41). Mr. Every seeks injunctive relief that is outside of this Court's authority. *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998). (holding the Court of Federal Claims has no authority to award injunctive or declaratory relief when it is not directly collateral to an award of money damages). Remedies that may be available in other courts are not within the scope of this Court's authority absent specific statutory authority. *See, e.g.*, 28 U.S.C. § 1491(b)(2) (declaratory and injunctive relief available in certain government procurement cases).

Further, Mr. Every claims that agents of the VA engaged in a string of retaliatory and criminal actions against him. (Compl. at 24). Specifically, Mr. Every argues that agents of the VA's contracting office were "out to get him[,]" hacked into his email account, and deleted several of his emails. (*Id.* at 26–27). Mr. Every, however, does not identify any statute or regulation that mandates the payment of damages by the United States for such retaliatory behavior. (*See generally id.*). Even if the Court were to construe these allegations as torts, the Court is not authorized to adjudicate such claims. 28 U.S.C. § 1491(a)(1); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."); *Martin v. United States*, 99 Fed. Cl. 627, 633–34 (2011) (dismissing a complaint alleging theft or conversion of intellectual property for lack of subject-matter jurisdiction). For these reasons, both Mr. Every's claims of retaliation and violations of the First and Fourth Amendments fail to state a claim upon which relief can be granted.

The remainder of Mr. Every's allegations revolve around claims of harm arising from a leasing contract between Esterhill and the VA.[2] (Compl. 12–13). Mr. Every alleges that the VA forced Esterhill into "[s]tandstill, then [h]oldover status" and attempted to "re-interpret the contract." (*Id.* at 25). However, Mr. Every brings these claims on behalf of Esterhill, rather than himself. (*See generally id.*). Mr. Every distinguishes himself from Esterhill frequently throughout the Complaint by using phrases such as "the plaintiffs" and "each plaintiff[.]" (*See e.g.,* Compl. at 2, 5). Additionally, Mr. Every clearly articulates that it was Esterhill who was forced into the alleged standstill and holdover status. (*Id.* at 25). Therefore, the Court must conclude that Mr. Every is indeed attempting to represent Esterhill as a separate claimant.

---

[2] The Court notes that Esterhill has filed several cases against the United States in this Court. *See Esterhill Boat Service Corp. v. United States*, 91 Fed. Cl. 483 (2010) (holding Esterhill waived its right to challenge the procurement by failing to file a protest before the bids were opened and considered by the VA), *appeal dismissed* No. 2010-5074, 2010 WL 8400112 (Fed. Cir. Sept. 24, 2010). Mr. Every also filed the following cases in district court and appeals in the First Circuit against the United States: *Every v. Dep't of Veterans Affs.*, No. 15-CV-177-LM, 2017 WL 899972, at *2 (D.N.H. Mar. 6, 2017) (dismissing for lack of subject-matter jurisdiction), *aff'd sub nom. Every v. US Dep't of Veterans Affs.*, No. 17-1493, 2017 WL 8217645 (1st Cir. Dec. 14, 2017).

Under RCFC 83.1, a pro se plaintiff may only represent himself.[3] In fact, RCFC 83.1 explicitly provides that a pro se litigant "may not represent a corporation, an entity, or any other person in any proceeding before this court." Therefore, any claims brought by Mr. Every on behalf of Esterhill are barred. When a plaintiff fails to comply with this Court's rules, the Court may dismiss the complaint. RCFC 41(b) ("If the plaintiff fails to . . . comply with these rules . . . the court may dismiss on its own motion[.]"); *e.g., Brewer v. United States*, 150 Fed. Cl. 248, 248–51 (2020) ("[A]s an unrepresented entity, plaintiff is in violation of RCFC 83.1(a)(3)" and therefore dismissing claims for lack of prosecution pursuant to RCFC 41(b)). Accordingly, the Court must dismiss Esterhill's lease dispute claims for lack of prosecution under RCFC 41(b).[4]

Mr. Every has also moved to amend his Complaint. (ECF No. 9). In this motion, Mr. Every requests that the Court add "the Contractors Decision dated 08/29/2023 to the complaint[.]" (Mot. to Amend at 1). As noted, however, Mr. Every may not represent the corporation. RCFC 83.1. To the extent Mr. Every moves on behalf of Esterhill, his motion is improper. Moreover, where an amended complaint will not survive a motion to dismiss, the proposed amendment is futile. *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006). As previously discussed, this Court does not have jurisdiction over Mr. Every's claims of retaliation nor his claims under the First and Fourth Amendments, any amendment to the claims would not survive a motion to dismiss.

---

[3] A limited exception exists under RCFC 83.1 for representation of immediate family members. *See Mandry v. United States*, 165 Fed. Cl. 170, 172 (2023) (discussing RCFC 83.1), *aff'd* No. 2023-1693, 2023 WL 7871692 (Fed. Cir. Nov. 16, 2023).

[4] The Court notes that exceptions to this rule may exist when the business is a sole proprietorship with no independent legal status from the owner. *See Nova Exp. v. United States*, 80 Fed. Cl. 236, 238 (2008) (holding RCFC 17(b) turns to state law in determining whether the sole proprietorship is an "independent entity" from the owner with "the capacity . . . to sue or be sued."). However, the caption of this case lists Esterhill as a Limited Liability Company ("LLC"), an entity, that is being represented by Mr. Every. *Industrial Supplies, LLC v. United States*, 144 Fed. Cl. 290, 293 (2019) (holding plaintiff violated RCFC 83.1 when she sought to represent an LLC). Additionally, Esterhill is registered in New Hampshire which does not recognize an LLC as a sole proprietorship. *Fujifilm N. Am. Corp. v. M&R Printing Equip., Inc.*, No. 20-CV-492, 565 F.Supp.3d 222, 234 (D.N.H. Feb. 24, 2021) ("Under New Hampshire law, a '[LLC], like a corporation, is treated as a separate legal entity' from its members[.]"); *see also O'Diah v. Volkswagen of Am., Inc.*, 91 F. App'x. 159, 160 (1st Cir. 2004) (holding pro se litigants may only represent themselves). Because Esterhill is an LLC, it is independent from Mr. Every and therefore may "only be represented through licensed counsel." *Talasila, Inc. v. United States*, 240 F.3d 1064, 1066 (Fed. Cir. 2001) (per curiam) (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993)).

Mr. Every alleges conspiracy against him on behalf of the United States. (Pl.'s Resp. at 2, ECF No. 14).[5] Claims of conspiracy, however, sound in tort and are not cognizable under this Court's jurisdiction. 28 U.S.C. § 1491; *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."). Since Mr. Every's proposed amendments do not alter his underlying claims or the relief requested, his amendments would be futile. *See Rodger v. United States*, 153 Fed. Cl. 538, 544 (2021) (holding plaintiff's amended complaint futile when the Court lacks jurisdiction). Therefore, the Court denies the Motion to Amend Complaint, (ECF No. 9).[6]

Finally, Mr. Every requests that the Court order the VA to "fund Operation Red Shield" in the amount of $200,000. (Compl. at 41). Mr. Every offers no statutory or regulatory basis for the Court to grant such a request. To the extent that Mr. Every may be seeking punitive damages, this Court does not have jurisdiction to order such a remedy. *See Treviño v. United States*, 113 Fed. Cl. 204, 210 (2013) ("[T]his court cannot provide punitive damages, and thus plaintiff's claims for punitive damages must be dismissed for lack of jurisdiction.") (citing *Woods v. United States*, 122 Fed. Appx. 989, 991 (Fed. Cir. 2004)).

---

[5] Mr. Every filed a document which he titles as "Plaintiff's Motion Opposing Dismissal." (ECF No. 14). The Court will construe this filing as a Response to the United States Motion to Dismiss. Further, Mr. Every did not paginate his Response; therefore, the Court cites to page numbers assigned by CM/ECF.

[6] Mr. Every also moves to seek counsel. (ECF No. 9). On December 2, 2024, Mr. Every notified the Court that his efforts to retain counsel were unsuccessful, but also noted that the "[p]laintiffs are continuing their search and will keep trying." (Pl.'s Resp. at 1). RCFC 15(a)(2) states that, "[t]he court should freely give leave [to amend] when justice so requires," but the Court may exercise its discretion to deny leave, if it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Any further request for additional time to secure legal representation to reassert claims would result in unnecessary delay and prejudice to the United States. Because these claims are dismissed without prejudice, they may be refiled with counsel.

For the stated reasons, the United States' Motion to Dismiss, (ECF No. 8), is **GRANTED**. This matter is **DISMISSED** without prejudice for lack of subject-matter jurisdiction under RCFC 12(b)(1), failure to state a claim upon which relief can be granted under RCFC 12(b)(6), and failure to prosecute under RCFC 41(b). Further, Mr. Every's Motion to Amend Complaint, (ECF No. 9), is **DENIED**. The Court construes Mr. Every's Motion Opposing Dismissal, (ECF No. 14), as a Response, and is **DENIED** as **MOOT**. The Clerk is **DIRECTED** to enter judgment accordingly.

The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions. The Court **CLARIFIES** that this provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Mr. Every is not enjoined from proper post-dismissal filings in this case, nor is he required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once dismissed.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge